# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDY GILLARD,**

            **Plaintiff,**

**-vs-**                                        **Case No. 6:05-cv-349-Orl-18DAB**

**AMERICAN MAINTENANCE**
**SWEEPING, INC., MICHAEL DIGLIO,**

            **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 16)**
>
> **FILED:**      **July 14, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff sued Defendants for unpaid overtime wages, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law. Doc. No. 1. Following service of process (Doc. Nos. 7-8), Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 9). A default was entered on May 4, 2005. (Doc. No. 10). Plaintiff now moves for a default judgment for wages owed, fees and

costs incurred, and has filed supporting Affidavits (Doc. No. 16, Ex. A, B); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint.  Plaintiff was employed by Defendant American Maintenance Sweeping, Inc. and Defendant Michael Diglio (a statutory employer under the FLSA and one with operational control) from July 26, 2002 to December 13, 2002. Doc. No. 16-2 ¶ 2.  During his employment, Plaintiff's regular rate of pay was $8.50 an hour. *Id.* ¶ 3.  Plaintiff worked an average of 48 hours per week from July 26, 2002 to December 13, 2002. *Id.*  ¶ 6.  Defendants willfully failed to pay Plaintiff for overtime of $102 per week for 20 weeks.  As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime wages in the amount of $2,040.00 and liquidated damages of an equal amount, for a total of $4,080.00.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").  As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the

recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $1,995.50 for attorney's fees and $350 for costs. Plaintiff's counsel avers that he and his partner spent 5.3 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour; his paralegal spent 4.7 hours at a rate of $95.00 per hour. Doc. No. 16-3. Counsel has presented an itemized list of the services provide by his firm, and the time spent by attorneys and the paralegal appears reasonable for the tasks completed, with the exception of 0.70 spent reviewing the Court's Order to Show Cause for failure to prosecute. *Id.; see* Doc. No. 11, 12. The Court finds $250.00 per hour to be a reasonable rate for attorney work in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants American Maintenance Sweeping, Inc. and Michael Diglio, jointly and severally, in the amount of **$4,080.00** in damages, **$1,502.50** in attorney's fees, and **$350.00** in costs (filing fee and service of process charge).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 22, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy